UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 07 C 6304 |
| ) | |
| ) | Hon. Joan Gottschall |
| JIM M'LADY OLDSMOBILE, INC. d/b/a ) | |
| JIM M'LADY NISSAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS

Defendant Jim M'Lady Oldsmobile, Inc. d/b/a/ Jim M'Lady Nissan ("M'Lady"), moves to dismiss Plaintiff Nissan North America, Inc.'s ("NNA") Complaint for Declaratory Judgment for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In support of its Motion, together with the reasons set forth in the concurrently filed Memorandum in Support of this Motion, M'Lady states as follows:

1.  Already pending before the Illinois Motor Vehicle Review Board (the "Board") are two protests filed by M'Lady against NNA under the Illinois Motor Vehicle Franchise Act (the "IMVFA"). The Board has not yet entered a final order in either protest. NNA's Complaint filed with this Court seeks to halt the Illinois administrative proceeding and usurp the Board's jurisdiction by requiring that this Court decide the same issues that are currently pending before the Illinois Motor Vehicle Review Board.

2.  However, the Illinois Legislature empowered the Board to enforce and interpret the Act, see 815ILCS 710/16-18; *General Motors Corp. v. Illinois Motor Vehicle Review Board*, 862 N.E.2d 209, 219 (Ill. 2007) and NNA's request for this Court to exercise subject matter jurisdiction is contrary to well-settled Illinois and federal doctrines of ripeness and exhaustion of administrative remedies that preclude the use of declaratory judgment actions to "circumvent[]

statutory created administrative proceedings." *AEH Constr. Inc. v. Illinois Department of Labor*, 743 N.E.2d 1102, 1107 (Ill. App. Ct. 2001). *See also CHA-Tonie Hotel Apartments Bldg. Corp. v. Shogren*, 204 F.2d 256, 259 (7th Cir. 1953) ("the declaratory judgment procedure will not be used to preempt or prejudge issues that are committed for initial decision to an administrative proceeding").

3.  Granting the relief requested by NNA would improperly usurp the Board's jurisdiction over M'Lady's two protests against NNA before the Board has even had an opportunity to consider the issues, let alone issue a final ruling, as required under the Act before the Board's final order can be subject to judicial review. Once a final order is entered by the Board, NNA may then, pursuant to Section 31 of the IMVFA, seek administrative review of the Board's order, but only in the circuit courts of Cook or Sangamon counties and not the federal court. 815 ILCS 710/31.

4.  Accordingly, Defendant Jim M'Lady Oldsmobile, Inc. d/b/a/ Jim M'Lady Nissan respectfully requests that this Court dismiss Plaintiff NNA's Complaint for Declaratory Judgment for: (1) lack of subject matter jurisdiction under the ripeness and exhaustion of administrative remedies doctrines; (2) under the *Burford* abstention doctrine; (3) in the alternative, to stay this action under the *Colorado River* abstention doctrine.

Dated: January 8, 2008

Respectfully submitted,

JIM M'LADY OLDSMOBILE, INC. d/b/a/
JIM M'LADY NISSAN

By:  /s/ Ira M. Levin
     One of its Attorneys

Ira M. Levin
Aaron Stanton
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
(312) 840-7000 (telephone)
(312) 840-7900 (facsimile)