UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INCORPORATED,<br><br>         Plaintiff,<br><br>  v.<br><br>JIM M'LADY OLDSMOBILE, INCORPORATED<br>D/B/A/ JIM M'LADY NISSAN,<br><br>         Defendant. | CIVIL ACTION<br>NO. 07 C 6304<br><br>Hon. Joan Gottschall |

## SUR-REPLY OF PLAINTIFF NISSAN NORTH AMERICA IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In its reply memorandum in support of its motion to dismiss, Jim M'Lady Oldsmobile, Incorporated ("M'Lady") argues in favor of an interpretation of the Illinois Motor Vehicle Franchise Act (the "Franchise Act") that would, on its face, render the Franchise Act unconstitutional by stripping this Court of its diversity jurisdiction. Nissan North America, Incorporated ("NNA") submits this sur-reply in response to that single issue.

In its efforts to avoid the jurisdiction of this Court, M'Lady argues that under no circumstance may this Court adjudicate a dispute involving the Franchise Act, stating in its reply brief that "NNA fails to recognize that once the Board hears these issues the specific Illinois statutory scheme offers a review process *exclusively through the Illinois state court system*; initially, through administrative review in either the Cook or Sangamon county circuit court, and then the Illinois appellate courts. 815 ILCS 710/31." *See* Reply Brief of M'Lady at pp. 8-9 (emphasis added). By this argument, M'Lady takes its incorrect assertion that the Illinois Motor

1

Vehicle Review Board ("IMVRB") must initially hear any matter under the Franchise Act[1] and pushes that flawed premise one step further by arguing that even an appeal or other challenge of an IMVRB decision or proceeding may not be heard in federal court. If correct, this interpretation would operate to strip this Court of its diversity jurisdiction and deprive an out-of-state party of its federal right to adjudication of a dispute against a home-state defendant in the federal courts. Federal law, however, does not support the proposition advocated by M'Lady; subject matter jurisdiction of this Court is established by Congress and not by states, irrespective of whether the relevant jurisdictional statutory language is permissive (as is the case here) or mandatory.

It is a fundamental principle that federal jurisdiction is not the province of the states. No state may prevent a federal court from exercising jurisdiction created by Congress. *Truck Components, Inc. v. Beatrice Co.*, 143 F.3d 1057, 1061 (7th Cir. 1998), citing *Beach v. Owens-Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984); *Markham v. Newport News*, 292 F.2d 711 (4th Cir. 1961) ("[i]n determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of <u>*states*</u> which <u>*have no power to enlarge or to contract the federal jurisdiction*</u>.") (emphasis added). "[S]tate action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right [to resort to federal court] thus secured is void ..." *Terral v. Burke Constr. Co.*, 257 U.S. 529, 532 (1922) (emphasis added).

---

[1] The Franchise Act contains <u>no</u> provision divesting Illinois courts (federal or state) of original jurisdiction over any motor vehicle franchise issues, nor does it vest sole and exclusive jurisdiction with the IMVRB. *See* 815 ILCS 710 *et seq. See also Rolls-Royce v. Luxury Motors, Inc.*, 2004 WL 1375540*2 (N.D.Ill. June 17, 2004) ("the issue of whether the Defendants failed to comply with the [Franchise Act] is not within the exclusive jurisdiction of the IMVRB. *See* 815 ILCS 710 *et seq.*")

A/72488696.1/0780688-0000328543

It is clear that no state, including Illinois, may interfere with the original jurisdiction of the federal courts, which would include diversity jurisdiction. *See e.g. Truck Components, Inc.*, 143 F.3d at 1061. Contrary to M'Lady's assertion, the plain language of the Franchise Act does not purport to limit the federal court's jurisdiction, as the statute's language is permissive, not mandatory:

> <u>Review under Administrative Review Law; appeal as in civil cases</u>.
> Any person affected by a final administrative decision of the Board <u>*may*</u> seek judicial review of the decision in the Circuit Court of Sangamon County or in the Circuit Court of Cook County only under and in accordance with the Administrative Review Law.

735 ILCS 5/3-104 (emphasis added). The statute does not declare that the referenced Circuit Courts have exclusive jurisdiction, but rather that a person "may" seek review in these venues.

Furthermore, even in circumstances where the subject state law is mandatory (*i.e.*, suits "shall" be brought in particular state court forum) or includes an exclusivity provision, it is well-settled that states may not place limits upon the subject matter jurisdiction assigned to the federal courts by Congress. *See District of Columbia, ex rel. American Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1045 (D.C. Cir. 1986) ("Whether the state law that provides for the requisite state court jurisdiction is couched in permissive or mandatory terms has never been thought to affect the federal courts' jurisdiction. Indeed, to allow such linguistic variation in state laws to have any effect would grant the states power to determine the federal courts' docket."). *See also Goetzke v. Ferro Corp.*, 280 F.3d 766, 778 (7th Cir. 2002) ("Once Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority. ... The exclusivity provision of Indiana's worker's compensation statute does nothing to affect that grant of [diversity] jurisdictional authority.").

Federal courts look to their own jurisdictional authority and not to state statutes to determine the reach of their jurisdiction. Therefore, even if M'Lady's interpretation of the Franchise Act was proper (which it is not), such an interpretation would be irrelevant to this Court's determination of its jurisdiction over the matter. As discussed above, this would be the case whether the state statutory language was permissive (like the Franchise Act) or mandatory. *District of Columbia, ex rel. American Combustion, Inc.*, 797 F.2d at 1045. Inasmuch as this is a dispute between diverse parties the value of which exceeds $75,000, this Court has diversity jurisdiction and M'Lady's motion to dismiss should be denied. 28 U.S.C. §1332.

       Respectfully submitted,

       **NISSAN NORTH AMERICA, INCORPORATED,**

       By its attorneys,

       _____
       Bruce S. Terlep
       **SWANSON, MARTIN & BELL, LLP**
       2525 Cabot Drive, Suite 204
       Lisle, Illinois 60532
       (630) 799-6900

       William N. Berkowitz, admitted *pro hac vice*
       Mary B. Murrane, admitted *pro hac vice*
       **BINGHAM MCCUTCHEN LLP**
       150 Federal Street
       Boston, MA 02110-1726
       617.951.8000

Dated: April __, 2008

A/72488696.1/0780688-0000328543