UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 07 C 6304 |
| ) | |
| ) | Hon. Joan Gottschall |
| JIM M'LADY OLDSMOBILE, INC. d/b/a ) | |
| JIM M'LADY NISSAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SUR-REPLY

Defendant Jim M'Lady Oldsmobile, Inc. d/b/a Jim M'Lady Nissan ("M'Lady") submits this objection to Nissan North America, Inc.'s ("NNA") motion for leave to file a Sur-Reply to M'Lady's Reply in Support of Its Rule 12(b)(1) Motion to Dismiss.[1]

### ARGUMENT

A sur-reply is intended to address new issues raised in a reply. M'Lady did not raise any new issues in its reply in further support of its 12(b)(1) motion to dismiss and NNA does not, either in its motion for leave or the proposed Sur-Reply, contend that M'Lady did so. Accordingly, the proposed Sur-Reply is improper and unnecessary. See Fasules v. D.D.B. Needham, Worldwide, Inc., no. 89 C 1078, 1989 WL 105264, at *2 (N.D. Ill. Sept. 7, 1989) (noting that purpose of sur-reply it to allow non-movant to address "new matters raised in defendant's reply brief").

In substance, NNA contends that M'Lady's proposed interpretation of 815 ILCS 710/31 "would . . . render the Franchise Act unconstitutional by stripping this Court of its diversity

---

[1] Although NNA filed its motion for leave to file the sur-reply, it has not noticed the motion for presentment nor sought leave to file its sur-reply.

jurisdiction." (Sur-Reply at 1.) This does not accurately reflect M'Lady's argument and is a mischaracterization of the issue before this Court. M'Lady's contention in both its opening Memorandum in Support of its Motion to Dismiss and in its Reply, is that NNA's action filed before this Court is improper forum shopping and, if permitted to go forward, would result in this Court usurping the jurisdiction of the Illinois Motor Vehicle Review Board ("the Board") over the previously filed, currently pending Illinois state administrative actions before the Board. These currently pending actions before the Board, initiated by NNA's own actions, are between the same parties, M'Lady and NNA, and pertain to the same issues that NNA seeks to have this Court decide in NNA's Complaint for Declaratory Judgment. (M'Lady's Mem. in Support of Mot. to Dismiss at 1-4 and 5-6 (discussing 815 ILCS 710/31); M'Lady's Reply at 1-5 and 8 (discussing 815 ILCS 710/31).)

Based on the similarity of the currently pending actions before the Board, M'Lady moved to dismiss NNA's Complaint under Rule 12(b)(1) on the grounds that it is barred by the ripeness doctrine, the exhaustion of administrative remedies/primary jurisdiction doctrines, and/or the *Burford* abstention doctrine; or, in the alternative, should be stayed under the *Wilton/Brillart* abstention doctrine. NNA had the opportunity to address these issues, and did, in its Response in Opposition to M'Lady's Motion to Dismiss. Accordingly, because M'Lady's Reply did not raise any new issues, this Court should deny NNA's request to file a Sur-Reply.

Moreover, even if this Court permits NNA to file its Sur-Reply, this Court should reject the one argument therein – that to grant M'Lady's motion will "strip[] this Court of its diversity jurisdiction." (Sur-Reply at 1.) M'Lady has never argued or even implied (either in its Motion, Memorandum or Reply) that "under no circumstances may this Court adjudicate a dispute involving the [Illinois] Franchise Act." (Sur-Reply at 1.) Even a cursory reading of M'Lady's Memorandum and Reply show that M'Lady's actual argument (as opposed to the one incorrectly

2

framed in the Sur-Reply) is that this Court should not assert jurisdiction over NNA's Complaint because the exact same issues (including a determination of "good cause" under the Act) are currently pending in two prior actions between the same parties before the Board. Thus, under the ripeness doctrine, the exhaustion of administrative remedies/primary jurisdiction doctrines, the *Burford* abstention doctrine, and/or the *Wilton/Brillart* abstention doctrine, this Court should not usurp the jurisdiction of the state of Illinois and multiply this dispute into duplicative, simultaneously pending proceedings. This finding is particularly apt here because NNA demanded that M'Lady's file the administrative actions before the Board. If NNA wanted this Court to determine the parties' franchise dispute, NNA should have immediately filed a diversity action before this Court. By initiating the actions before the Board, however, NNA must allow the Board to make a final decision on the issues before it.

## CONCLUSION

For the reasons set forth above, this Court should deny NNA's request to file a Sur-Reply, and regardless, as discussed above and in M'Lady's previously filed Memorandum in Support of Its Motion to Dismiss and Reply, this Court should dismiss Plaintiff NNA's Complaint for Declaratory Judgment, or, in the alternative, to stay this matter until the Board rules on M'Lady's currently pending Protests under the Illinois Motor Vehicle Franchise Act.

Dated: May 16, 2008

Respectfully submitted,

JIM M'LADY OLDSMOBILE, INC.

By: __/s/ Aaron H. Stanton__
      One of its Attorneys

Ira M. Levin
Aaron Stanton
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
(312) 840-7000
(312) 840-7900 (FAX)
11021/1/467845/1